# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

Gary M. Lager and Constance S Lager

       Debtor(s)

Gary M. Lager
Constance S Lager

       Plaintiff(s),

vs.

Ditech Financial LLC

       Defendant(s).

In Proceedings
Under Chapter 13

BK 18–31706–lkg

ADV
19–03535–lkg

## NOTICE OF DEFAULT ENTITLEMENT

    Since the defendant, Ditech Financial LLC in this case, has not filed an answer or otherwise defended this action, the plaintiff is entitled to a default and/or default judgment where appropriate.

    Plaintiff shall take steps within twenty–one (21) days to effect the entry of default judgment in accordance within Bankruptcy Rule 7055(a) and 7055(b) (1), or the plaintiff's cause of action will be dismissed for want of prosecution.

Plaintiff to Submit:
Motion for Judgment by Default
and a Proposed Order for Judgment by Default

    and
Request for Entry of Default
and Verified AFFIDAVIT

DATED: June 14, 2019

                                              **Donna N Beyersdorfer**
                                              CLERK OF THE BANKRUPTCY COURT

_____

    An electronic version of the Request for Entry of Default form and the Instructions for Affidavit for Default are available on the Court's web site at http://www.ilsb.uscourts.gov. See also S.D. Ill. LBR 7055(C).

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

### NOTICE OF PROCEDURES IN CASES INVOLVING REQUESTS FOR MONETARY RELIEF IN COMPLAINTS TO DETERMINE DISCHARGEABILITY OF DEBT

Bankruptcy Rule 4007 provides that a debtor or creditor may file a complaint to determine the dischargeability of debt pursuant to 11 U.S.C. § 523. While § 523 is concerned specifically with the question of whether a particular debt is dischargeable or nondischargeable, a complaint seeking such a determination often includes allegations concerning the debtor's liability for and the amount of such debt. If the defendant then defaults and the plaintiff seeks entry of default judgment on the complaint, the question arises whether due process allows for entry of judgment on the issues of liability and damages in addition to the issue of dischargeability under § 523.

The Court, finding that it has jurisdiction to determine the related questions of liability and damages in an action to determine dischargeability of debt under § 523, *see **In re Hallahan***, 936 F.2d 1496, 1507–08 (7th Cir. 1991), nevertheless concludes that in order to obtain a default judgment that includes a determination of liability and damages as well as a finding on the issue of dischargeability, the plaintiff must comply with the requirements of due process. A party seeking a default judgment may accomplish this by means of an affidavit containing factual statements of the amount of damages and liability therefor or, in the alternative, presentation of testimony on these issues. If the foregoing has been supplied and the complaint is otherwise sufficiently clear to establish entitlement to the relief sought on the issues of liability and damages, the Court will enter a default judgment that not only determines the issue of dischargeability of the debt but also establishes liability and liquidates the debt in question.